| AO-10 Rev. 1/91 | FINANCIAL DISCLOSURE REPORT | Report Required by the Ethics Reform Act of 1989, Pub. L. No. 101-194, November 30, 1989 (5 U.S.C.A. App. 6, §§101-112) |
|---|---|---|

| 1. Person Reporting (Last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Sonia Sotomayor | U.S. District Court for the Southern District of New York | December 2, 1991 |
| **4. Title** (Article III judges indicate active or senior status; Magistrate judges indicate full- or part-time) <br> Judicial Nominee | **5. Report Type** (check appropriate type) <br> X Nomination, Date 11/27/91 <br> ___ Initial ___ Annual ___ Final | **6. Reporting Period** <br> December 2, 1991 |
| **7. Chambers or Office Address** <br> Pavia & Harcourt <br> 600 Madison Avenue <br> N.Y. York, N.Y. 10022 | | |

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each section where you have no reportable information. Sign on last page.*

## I. POSITIONS. (Reporting individual only; see pp. 7-8 of Instructions.)

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| ☐ NONE (No reportable positions) | |
| Partner | Pavia & Harcourt |
| Member, Board of Directors | New York City Campaign Finance Board |
| Member, Board of Directors | New York State Mortgage Agency |

(Continued; please see ATTACHMENT A)

## II. AGREEMENTS. (Reporting individual only; see p. 8-9 of Instructions.)

| DATE | PARTIES AND TERMS |
|---|---|
| ☐ NONE (No reportable agreements) | |

As a partner in Pavia & Harcourt, I have a 1.5% of 106% interest in the firm which interest is currently valued at $25,616. The partners are currently discussing a redistribution of the percentage interest in the firm of deceased and retired partners. This redistribution may increase my interest and its value. The liquidation of a partner's interest is generally negotiated at the time of a resignation but the partnership has two years to pay the interest. My partners have advised me that they will attempt to liquidate my interest prior to my assumption of any public position.

## III. NON-INVESTMENT INCOME. (Reporting individual and spouse; see pp. 9-12 of Instructions.)

| DATE (Honoraria only) | SOURCE AND TYPE | GROSS INCOME (yours, not spouse's) |
|---|---|---|
| ☐ NONE (No reportable non-investment income) | | |
| 1 | Pavia & Harcourt Income 1990 | $151,761. (gross) |
| | In 1991 to date, I have received distributions from my | $ |
| 2 | firm in the amount of $133,544 (gross), but until | |
| | Schedule K-1, Form 1065 is prepared for my tax filing in | $ |
| 3 | April, 1992, I will not know my exact gross income based | |
| | on partnership allocations of income, credits, deductions, | $ |
| 4 | etc. | |
| | | $ |
| 5 | •State of New York Mortgage Agency | $ 300. |
| | •New York City Campaign Finance Board | $ 1,000. |

•Payment of $100 per diem for service on Boards of Directors.

Digitized by Google

| FINANCIAL DISCLOSURE REPORT (cont'd) | Name of Person Reporting | Date of Report |
|---|---|---|
| | Sonia Sotomayor | December 2, 1991 |

## IV. REIMBURSEMENTS and GIFTS – transportation, lodging, food, entertainment.
(Includes those to spouse and dependent children; use the parentheticals "(S)" and "(DC)" to indicate reportable reimbursements and gifts received by spouse and dependent children, respectively. See pp.13-15 of Instructions.)

| SOURCE | DESCRIPTION |
|---|---|
| X NONE (No such reportable reimbursements or gifts) | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## V. OTHER GIFTS. (Includes those to spouse and dependent children; use the parentheticals "(S)" and "(DC)" to indicate other gifts received by spouse and dependent children, respectively. See pp.15-16 of Instructions.)

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| X NONE (No such reportable gifts) | | |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

## VI. LIABILITIES. (Includes those of spouse and dependent children; indicate where applicable, person responsible for liability by using the parenthetical "(S)" for separate liability of spouse, "(J)" for joint liability of reporting individual and spouse, and "(DC)" for liability of a dependent child. See pp.16-18 of Instructions.)

| CREDITOR | DESCRIPTION | VALUE CODE* |
|---|---|---|
| X NONE (No reportable liabilities) | | |
| As a member of Pavia & Harcourt, I am contingently liable for the debts and obligations of the firm incurred during my partnership. The firm, however, has paid its debts in the ordinary course of business and no claims against individual partners have been made or are anticipated. | | |
| | | |
| | | |
| | | |
| | | |

* VALUE CODES: J = $15,000 or less    K = $15,001 to $50,000    L = $50,001 to $100,000    M = $100,001 to $250,000
              N = $250,001 to $500,000    O = $500,001 to $1,000,000    P = More than $1,000,000

Digitized by Google

| FINANCIAL DISCLOSURE REPORT (cont'd) | Name of Person Reporting<br>Sonia Sotomayor | Date of Report<br>December 2, 1991 |
|---|---|---|

## VII. INVESTMENTS and TRUSTS – income, value, transactions. (Includes those of spouse and dependent children; see pp. 18-27 of Instructions.)

| A.<br>Description of Assets<br>(including trust assets)<br><br>Indicate, where applicable, owner of the asset by using the parenthetical "(J)" for joint ownership of reporting individual and spouse, "(S)" for separate ownership by spouse, "(DC)" for ownership by dependent child.<br><br>Place "(X)" after each asset exempt from prior disclosure. | B.<br>Income during reporting period | | C.<br>Gross value at end of reporting period | | D.<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amt.<br>Code1<br>(A-H) | (2)<br>Type<br>(e.g.,<br>div.,<br>rent or<br>int.) | (1)<br>Value2<br>Code2<br>(J-P) | (2)<br>Value<br>Method<br>Code3<br>(Q-W) | (1)<br>Type<br>(e.g.<br>buy, sell,<br>merger,<br>redemp-<br>tion) | If not exempt from disclosure | | | |
| | | | | | | (2)<br>Date:<br>Month<br>Day | (3)<br>Value2<br>Code2<br>(J-P) | (4)<br>Gain1<br>Code1<br>(A-H) | (5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
| ☐  NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| 1 Citibank, NA, N.Y., N.Y. | F | Sav.<br>Acct.<br>Prin. | K | T | | | | | |
| 2 Citibank, NA, N.Y., N.Y. | C | Int.<br>on Sav. | J | T | | | | | |
| 3 Citibank, NA, N.Y., N.Y. | None | Check'g<br>Acct. | J | T | | | | | |
| 4 Cobble Hill Laundry, Bklyn. N.Y. | | | | | Loan to<br>Bus. | 8/91 | K | N/A | Personal interest<br>free loan to bus.<br>of a friend to be<br>repaid in three y |
| 5 Cobble Hill Laundry, Bklyn. N.Y. | B | Loan<br>repay | J | T | | | | | |
| 6 Pavia & Harcourt | None<br>except<br>see III | Partn-<br>ership<br>Value | K | V (Partner-<br>ship self-<br>assessment) | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 Pavia & Harcourt as a firm has bank accounts, a mutual fund account, and some | | | | | | | | | |
| 10 stock. I do not manage and do not have signatory power over any of those | | | | | | | | | |
| 11 accounts or stocks, and have never participated in any decision making with respect to those accounts. My K-1, 1065 for 1990 is attached hereto for | | | | | | | | | |
| 12 purposes of reflecting my allocation of partnership income and transactions. Until the close of the calendar year when the K-1 is prepared for my firm, | | | | | | | | | |
| 13 I will not know my allocations for 1991. Since I have only a minimal interest in my firm, 1.5% of 106%, and do not control or manage the firm or | | | | | | | | | |
| 14 its assets, information relating to the firm's assets has not been included. | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |

| 1 Income/Gain Codes:<br>(See Col. B1 & D4) | A=$1,000 or less<br>F=$15,001 to $50,000 | B=$1,001 to $2,500<br>F=$50,001 to $100,000 | C=$2,501 to 5,000<br>G=$100,001 to $1,000,000 | D=$5,001 to $15,000<br>H=More than $1,000,000 |
|---|---|---|---|---|
| 2 Value Codes:<br>(See Col. C1 & D3) | J=$15,000 or less<br>N=$250,001 to $500,000 | K=$15,001 to $50,000<br>O=$500,001 to $1,000,000 | L=$50,001 to $100,000<br>P=More than $1,000,000 | M=$100,001 to $250,000 |
| 3 Value Method Codes:<br>(See Col. C2) | Q=Appraisal<br>U=Book Value | R=Cost (real estate only)<br>V=Other | S=Assessment<br>W=Estimated | T=Cash/Market |

Digitized by Google

| FINANCIAL DISCLOSURE REPORT (cont'd) | Name of Person Reporting | Date of Report |
|---|---|---|
| | Sonia Sotomayor | December 2, 1991 |

## VIII. ADDITIONAL INFORMATION or EXPLANATIONS. (Indicate part of Report.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## IX. CERTIFICATION.

In compliance with the provisions of 28 U.S.C. § 455 and of Advisory Opinion No. 57 of the Advisory Committee on Judicial Activities, and to the best of my knowledge at the time after reasonable inquiry, I did not perform any adjudicatory function in any litigation during the period covered by this report in which I, my spouse, or my minor or dependent children had a financial interest, as defined in Canon 3C(3)(c), in the outcome of such litigation.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C.A. app. 7, § 501 et. seq., 5 U.S.C. § 7353 and Judicial Conference regulations.

Signature _Sonia Sotomayor_          Date _12/2/91_

NOTE:   ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C.A. APP. 6, § 104, AND 18 U.S.C. § 1001.)

### FILING INSTRUCTIONS:

Mail signed original and 3 additional copies to:

Judicial Ethics Committee
Administrative Office of the
United States Courts
Washington, DC 20544

Digitized by Google

314

| Name of Person Reporting | Date of Report |
|---|---|
| Sonia Sotomayor | December 2, 1991 |

## ATTACHMENT A

| | |
|---|---|
| Member, Board of Directors | Puerto Rican Legal Defense and Education Fund |
| One of three Trustees for | Ortiz 1989 Family Trust |
| One of three Trustees for | Candido Ortiz Trust for the benefit of Amanda Maria Valdez |
| One of three Trustees for | Candido Ortiz Trust for the benefit of Cheo Lopez |
| One of three Trustees for | Candido Ortiz Trust for the benefit of Christina Citron |
| One of three Trustees for | Candido Ortiz Trust for the benefit of David Thompson |
| One of three Trustees for | Candido Ortiz Trust for the benefit of Christopher Thompson |
| One of three Trustees for | Candido Ortiz Trust for the benefit of Christopher Valdez |

I have no beneficial interest in the trusts.

# FINANCIAL STATEMENT

## NET WORTH

—

Provide a complete, current financial net worth statement which itemizes in detail all assets (including bank accounts, real estate, securities, trusts, investments, and other financial holdings) all liabilities (including debts, mortgages, loans, and other financial obligations) of yourself, your spouse, and other immediate members of your household.

| ASSETS | | | LIABILITIES | | |
|---|---|---|---|---|---|
| Cash on hand and in banks | 35,000 | (1) | Notes payable to banks—secured | 0 | |
| U.S. Government securities—add schedule | 0 | | Notes payable to banks—unsecured | 0 | |
| Listed securities—add schedule | 0 | | Notes payable to relatives | 0 | |
| Unlisted securities—add schedule | 0 | | Notes payable to others | 0 | |
| Accounts and notes receivable: | 0 | | Accounts and bills due | 2,000 | (5) |
| Due from relatives and friends | | | Unpaid income tax | 0 | |
| Due from others | 27,000 | (2) | Other unpaid tax and interest | 0 | |
| Doubtful | 0 | | Real estate mortgages payable—add schedule | 82,500 | (6) |
| Real estate owned—add schedule | 105,000 | (3) | Chattel mortgages and other liens payable | | |
| Real estate mortgages receivable | 0 | | Other debts—itemize: | | |
| Autos and other personal property | 45,000 | (4) | Lease on Car | 1,538.83 | (7) |
| Cash value—life insurance | --- | | | | |
| Other assets—itemize: | | | | | |
| Partnership Interest in Pavia & Harcourt | 25,616 | | | | |
| | | | Total liabilities | 86,038.83 | |
| | | | Net worth | 151,577.17 | |
| Total assets | 237,616 | | Total liabilities and net worth | 237,616.00 | |

| CONTINGENT LIABILITIES | None | (8) | GENERAL INFORMATION | | |
|---|---|---|---|---|---|
| As endorser, comaker or guarantor | --- | | Are any assets pledged? (Add schedule.) | Yes – Co-op Shares | |
| On leases or contracts | --- | | Are you defendant in any suits or legal actions? | No (9) | |
| Legal Claims | --- | | Have you ever taken bankruptcy? | No | |
| Provision for Federal Income Tax | --- | | | | |
| Other special debt | --- | | | | |

For notes (1) thru (9) see attached Schedule A.

Digitized by Google